WuictHT, J.,
delivered the opinion of the Court.
On the 15th of July, 1856, the complainant, Wm. B. Wood, who is a creditor of the defendant, John H. Thomas, filed his bill m the Chancery Court at Eranklin against said Thomas and Thomas J. Gray.
The said Thomas, in the fall of the year 1855, had verbally purchased of said Gray a house and lot, in the town of Paytonsville, in Williamson county, for which he was to pay $400, to wit, $200 on the first of January, 1856, $100 on the first of August, 1856, and the remaining $100 on the first of January, 1857; and for *162 which. Thomas executed his notes to Gray, who never gave Thomas any deed, title bond, or writing of any kind, as to the house and lot.
A part of this purchase money, namely, the $200 due in January, 1856, had been paid by Thomas to Gray, and the object of the bill was to attach the interest of said Thomas in the house and lot, and in the $200 so paid Gray — the bill being framed in the alternative, so as to reach either the house and lot or the fund, and have the same applied in satisfaction of complainant’s debt.
In May, 1856, prior to the filing of complainant’s bill, Thomas had, with the assent of Gray, verbally sold his interest in the house and lot to Isaac Seerest for $450 — of which sum he paid Thomas in cash, $250; and, as to the balance, he executed to Gray his two notes for $100 each, due the first of August, 1856, and first of January, 1857. These notes were accepted by Gray in lieu of Thomas’ notes, which were surrendered to him by Gray, who agreed to make the title to Seerest instead of Thomas, upon receiving payment of the two notes.
All this took place prior to the -filing of complainant’s bill; and Gray, from thenceforward, held himself ready to make the title to Seerest as soon as he paid him, and had no claim on Thomas, who was let entirely out of the contract, and ceased all claim to the house and lot after the sale to Seerest.
The Chancellor decreed that Thomas had no attachable interest, either in the house and lot or in the fund, and that Gray, having waived the want of a writing, *163 and submitting to make Secrest a ■ title, should do so upon receiving of him the residue of the purchase money. _ .
With this decree Secrest, Gray, and Thomas are satisfied, and do not appeal. Añ appeal is only taken by complainant, Wood.
We think the Chancellor’s decree -was right, and affirm it.
The complainant can be on no higher ground than John H. Thomas, his debtor. The latter had no claim or debt -whatever against Gray, and could, in no aspect of the case, have any, for he .had received back, of Secrest, all he had advanced. Neither had he any interest in this house and lot. How could he, if disposed, file a bill and assert any equity or claim to this property after what had taken place between him and Secrest ? And complainant can be no better off. But he asserts no claim, and denies expressly he has any interest.
Even if Gray desired, (but he does not,) to abandon the contract with Secrest, and enforce the specified execution of the contract with Thomas, yet he could not do so against the will of Thomas. This could only be done by the voluntary consent ’ of ■ both parties. But here neither consents; but both aver that Secrest is entitled to the property, and express a wish that it be decreed him under the contract with him. And he also desires that this be done, and files a ■ bill for that purpose.
How then can complainant interpose to prevent this? That he cannot is conclusively settled in the case of Sneed et al. v. Bradley et al., 4 Sneed, 301. See, also, Thacker v. Chambers et al. 5 Hum., 313.
We affirm the decision, with costs.